**RECEIVED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

APR 2 6 2018

**JAMES N. HATTEN, Clerk**
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA B. WILLIAMS )
)
PLAINTIFF, )
)
v. ) CIVIL ACTION
) COMPLAINT
U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE, ON BEHALF THE HOLDERS OF )
THE HOME EQUITY ASSET TRUST 2006-5 )
HOME EQUITY PASS THROUGH )
CERTIFICATES, SERIES 2006-5 AND )
SELECT PORTFOLIO SERVICING, INC. )
)
DEFENDANT` )

# 1:18-CV-1796

## COMPLAINT

**COMES NOW**, Sandra B. Williams, Plaintiff, appearing pro se in the above captioned action and complains against Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, hereinafter "HOME EQUITY ASSET TRUST 2006-5" AND SELECT PORTFOLIO SERVICING, INC. and alleges as follows:

### JURISDICTION AND VENUE

Jurisdiction and venue are pursuant to diversity jurisdiction; 28 U.S.C. § 1332. Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

## STATEMENT OF FACTS

1. This case arises out of a dispute as to title to improved property located at 2736 Lakeside Drive Southwest, Conyers GA 30094.

2. On March 24, 2006, Plaintiff, Sandra B. Williams purchased a home located at 2736 Lakeside Drive Southwest, Conyers GA 30094 and has been in continuous uninterrupted possession for the past 16 years.

3. Plaintiff purchased said property for Two Hundred Thirty Eight Thousand Five Hundred ($238,500.00) dollars mortgage loan from the Mortgage Electronic Registration Systems, Inc. as nominee for Encore Credit Corporation (original lender), a now defunct California Corporation formerly located at 1833 Alton Parkway, Irvine California 92606; Security Deed recorded April 12, 2006 in Rockdale County Superior Court in Deed Book 3833 at Pages 333-352.

4. In or around October 2007 Encore Credit Corporation was acquired by Bear Stearns however there is no evidence of a transfer of mortgage. Plaintiff violated 12 CFR 1026.39 (b) (1) as Defendant never received evidence of said transfer. Further the obligation to notify Defendant of the alleged acquisition was not extinguished by any legal exception as there is no evidence that the loan transferred within 30 days of said acquisition.

5. SELECT PORTFOLIO SERVICING, INC. a loan servicing company whose principal office is located at 3217 S Decker Lake Dr., Salt Lke City, Utah 84119 and can be served through its registered agent Corporation Service Company 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.

6. SELECT PORTFOLIO SERVICING, INC. is acting in concert with Defendant to deprive Plaintiff of title to her home.

7. A "Corporate Assignment of Mortgage" recorded March 12, 2013 in Rockdale County Superior Court in Deed Book 5331 at Pages 177-178) from Mortgage Electronic Registration System as nominee for Encore Credit Corporation, a California Corporation its successors and assigns c/o SELECT PORTFOLIO SERVICING, INC., Assignor to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, Assignee.

8. On September 29, 2017 Plaintiff filed an Affidavit of Notice pursuant to United States Constitution Article V and 14th Amendment, O.C.G.A. § 10-6-141 and O.C.G.A. §44-14-184 after she discovered the Defendant trust misrepresented its status; duly recorded in Rockdale County Superior Court in Deed Book 6143 at Pages 146-147.

9. Plaintiff procured an "Affidavit of Fraud" from Certified Fraud Examiner Bertrand Falls who examined the above-referenced "Corporate Assignment" and concluded the signatures were made by "robo-signors" who did not have the requisite authority to legally effectuate a transfer of mortgage and concluded the Assignment is void. (See Exhibit A: Robo Audit Report with Affidavit)

10. Plaintiff submits that trusts are governed by I.R.C. Code §§ 860 A-G and The Securities and Exchange Act of 1934. "A Transfer and Assignment of Deed to Secure Debt" into a trust is regulated by the Securities Laws of the United States. Pursuant to the SEC and IRS laws, a lender, or originator may create a SPE, special purpose entity, which is a sub-corporation that acquires and holds the loans and securitizes them by issuing certificates which represent the conversion of the mortgages into asset backed receivables which are given to the depositor to be placed into a mortgage pool; hence the mortgage is "assigned" into a trust; the securitization process.

11. The Depositor is the only entity authorized by the prospectus, to transfer mortgage assets into a securitized trust. Mortgages are bundled or "pooled" into groups of about 5,000 adjustable rate mortgages, fixed rate or a combination of both. These pools of mortgages become part of an agreement naming a Trustee, a depositor, and a servicer, which is another bank or

4

servicing firm who collects, principal, interest and escrow from the borrower; hence the pooling and servicing agreement or PSA.

12. The PSA is made available to investors all over the world who then review the terms of the Pooling and Servicing Agreement and are offered the opportunity to buy shares.

13. Each mortgage bundle was given a name which was usually the name of the lender who originated the loan. However, some loans transferred immediately after origination to another lender and in that instance that lender will appear as the depositor of the loan. Here the trust, named after the lender/originator, is called "HOME EQUITY ASSET TRUST 2006-5".

14. The Pooling and Servicing Agreement, or the Trust Agreement regulates the trading of these mortgages which in turn is regulated by the Securities and Exchange Act of 1934 (17 CFR 240.12h-3)

  a. Sections 13, 15 and 15(d) of the Securities Exchange Act of 1934, is required by Rules 12g-4, 12h-3.

  b. Section 15d-6 of the General Rules and Regulations under the Securities Exchange Act of 1934.

  c. Internal Revenue Code (I.R.C.) §§860A-G

15. Section 13a of the Securities and Exchange Act of 1934 states that companies with registered publically held securities have a duty to

continuously disclose and report information by filing annual reports or 10k's.

16. Companies with registered publically held securities that have a public float of at least $75 million must file Form 10k with the SEC. A public float represents the number of shares being offered. Investors may review the shares being offered and invest based upon their belief that the homeowner will pay the mortgage or default on the mortgage. The investor is insured via pool insurance, and multiline. When the homeowner defaults, each investor is paid in full; the mortgage value of the home registered with the trust. In turn, the servicer will begin foreclosure proceedings and is paid premiums as long as you remain in foreclosure.

17. Finally, when the servicer successfully forecloses, the money they receive is supposed to be returned to the trust.

18. Form 10k is an annual report required by the Securities and Exchange Commission to be filed with the PSA. This form is a statement of the particulars of the securities being offered that make up the trust.

19. Form 8k must be filed when certain events occur that shareholders should be made aware of including but not limited to the following:

      8k Section 1 Item 1.03    Bankruptcy or receivership
      8k Section 6 Item 6.02    Change in servicer of trustee

20. The closing date of the trust was July 5, 2006. Defendant cannot transfer a 2006 loan into a trust in 2013.

21. Defendants' assignment is legally ineffective and invalid as a loan cannot be transferred into a trust after the closing date.

22. Plaintiff submits that the Defendant trust fraudulently purports to be the secured creditor and/or have authority to foreclose however Defendants' assignment is in violation of OCGA §44-14-162 (b), I.R.C. Code §§ 860 A-G and The Securities and Exchange Act of 1934.

23. In or around January 2017 Plaintiff modified her mortgage with Defendant and was offered an increase of payment from $1300 to $1900. When Plaintiff objected to the increase Defendants started foreclosure proceedings in violation of 12 C.F.R. § 1024.

24.  In support of these allegations, Plaintiff submits as follows.

## I.    DEFENDANT VIOLATED 12 C.F.R. § 1024, DUAL TRACKING

1. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

2. Plaintiff submits Defendant "HOME EQUITY ASSET TRUST 2006-5" violated 12 C.F.R. § 1024 (b)(1) which states, " A servicer shall exercise reasonable

diligence in obtaining documents and information to complete a <u>loss mitigation application</u>". Plaintiff sent and resent documents Defendant already had in its possession. By the time the application was "completed" Plaintiff objected to the substantial increase given the original loan payment and her advanced age.

3. Defendant started an action for foreclosure leaving Plaintiff with no other option than to file this Complaint.

4. Plaintiff submits Defendant  HOME EQUITY ASSET TRUST 2006-5" violated 12 C.F.R. § 1024 (2) (i) (A) (B) (ii) as Defendant did not promptly complete the loss mitigation package, Defendant did not promptly acknowledge receipt of the loss mitigation package thereby violating section (b) (2) (ii) in that upon completion of the loss mitigation process failed to reconcile Plaintiff's objections or offer alternatives.

5. Pursuant to and in violation of 12 C.F.R. § 1024 (e) Defendant failed to work with Plaintiff to make her new payment one that would last through the trial period.

6. Soon thereafter Plaintiff received a letter from Defendant advising that foreclosure proceedings had begun.

7. In light of the foregoing, Plaintiff submits Defendant violated the Dual Tracking Statute as her modification was not properly calculated. She

maintains she has enough income to pay her mortgage but Defendant failed to provide a suitable repayment plan.

25. In light of the forgoing Plaintiff has pled the elements of fact and law showing Defendant violated 12 C.F.R. § 1024 and is guilty of dual tracking.

## II.   WRONGFUL FORECLOSURE

26.  The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

27.  Defendant "HOME EQUITY ASSET TRUST 2006-5" has no valid power of sale and any attempt of foreclosure on the property is wrongful under the applicable laws of the state of Georgia.

28.  Plaintiff put Defendant on notice that it has no valid power of sale.

29.  The Securities laws are clear; an assignment is invalid as a loan cannot be transferred into a trust after the closing date.

30.  Georgia courts have long recognized that harm to an interest in land is irreparable due the unique character of property interest.  *Stubbs v Bank of America   USDC   11CV1367-AT   pg.   5   (2012);   Focus   Entertainment International v. Partridge Green,* 558 S.E. 2d 440, 446 (Ga. Ct. App. 2001).

The law requires that the powers of sale shall be strictly construed and fairly exercised. OCGA § 44-14-162.2

31. The Court held in *Worrell v. Fed. Nat. Mortg. Assoc.,* Slip Copy, 2011 WL 2489951 (N. D. Ga. June 21, 2011).s tanding requires that the party prosecuting the action have a sufficient stake in the outcome and that the party bringing the claim be recognized in the law as being a real party in interest to bring the claim. Defendant lacked standing at the commencement of a foreclosure proceeding cannot be cured by gaining standing after the case has been filed. *Progessive Express Ins. Co. v. McGrath Community Chiropractic,* 913 So. 2d. 1281, 1285 (Fla. 2d DCA 2005) *Reese et. al. v Provident Funding Associates, LLP.,* Ct. App. Ga., A12A0619 (2012)

32. Plaintiff submits Defendant acted in bad faith and acted fraudulently when the assignment, the vehicle used to purportedly transfer Plaintiff's loan into the Defendant trust, was defective. The date of transfer is after the loan closed thereby invalidating the transfer. Discovery is needed to address these issues. *Heritage Creek Dev. Corp.* v. *Colonial Bank* 268 Ga. App. 369, 601, S.E.2d 842, 844 (Ga.Ct.App.2004).

33. Plaintiff submits the assignment is void and fraudulent in that the beneficial interest of the mortgage did not legally transfer to "HOME EQUITY ASSET TRUST 2006-5"; Plaintiff's loan is not part of the Defendant trust.

## III. FRAUD: DEFENDANT VIOLATED THE SECURITIES LAWS OF 1934 AND I.R.C. §§860A-G

34. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

35. Plaintiff's claim of relief is plausible as the foregoing factual content "allows the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief." Id. (citing Twombly, 550 U.S. at 557)

36. Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that fraud be pled with particularity. To satisfy Rule 9(b), "the Plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants

gained by the alleged fraud." *Adams v. Mort. Elec. Registration Sys.*, 2012 WL 5077356, at 5 (N.D. Ga. Oct. 17, 2012) There are five elements to a fraud claim in Georgia: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Lehman v. Keller, 677 S.E.2d 415, 417 (Ga. Ct. App. 2009).

37. Plaintiff submits that Defendant's assignment shows Plaintiffs' loan purportedly transferred after the trust closed and without valid signatures.

38. Internal Revenue Code (I.R.C.) §§860A-G (Real Estate Mortgage Investment Conduit ("REMIC") REMICs are required to be passive vehicles, meaning that mortgages *cannot* be transferred in and out of the trust once the closing date has occurred, unless the trust can meet very limited exceptions under the Internal Revenue Code I.R.C. § 860G.

39. The 90 day requirement is imposed by the I.R.C. to ensure that the trust remains a static entity. However, since the mortgage-backed securities trust is the controlling document, the Pooling & Servicing Agreement (PSA), requires that the trustee and servicer not do anything to jeopardize the tax-exempt status or violate any securities laws; PSAs generally state that any transfer after the closing date of the trust is invalid.

40. The closing date of the trust was 2006. The date of transfer of Defendant's assignment was 2013. Hence, Plaintiff's loan could not have been transferred into a trust that was **closed**.

41. In light the foregoing, Plaintiff submits that Defendant's assignment violated Internal Revenue Code I.R.C. § § 860A-G and Plaintiffs' loan could not have legally transferred into the Defendant trust.

42. Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934 has been violated. The Pooling and Servicing Agreement, or the Trust Agreement regulates the trading of these mortgages which in turn is regulated by the Securities and Exchange Act of 1934 (17 CFR 240.12h-3)

43. Sections 13, 15 and 15(d) of the Securities Exchange Act of 1934, is required by Rules 12g-4, 12h-3. No loan can be transferred into a trust after the cut-off date. Here the cut-off date was 2006; seven years after the cut-off date.

44. The assignment violated the terms of the pooling and servicing agreement. In *Wells Fargo v. Reyes*, 867 N.Y.S.2d 21 (2008) the court dismissed the foreclosure with prejudice and found that the bank committed fraud on the Court and the court imposed sanctions because the court found that Wells Fargo never owned the Mortgage. Such is the case here.

45. The damages are evident in that Defendant demands monies they are not entitled to collect and induced Plaintiff into believing they own her home by illegally and fraudulently attempting to take title and possession of Plaintiff's home when they did not have standing to do so. *Thomas v. Pentagon Fed. Credit Union*, 393 F App'x 635, 638 (11th Cir. 2010); *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1291-92 (11th Cir. 2010)

## IV.   FRAUDULENT ASSIGNMENT

46. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

47. An "assignment" is the document that is the legal record of this transfer from one mortgagee to another. The assignment submitted by Defendant is fraudulent.  The assignee (person who received the assignment) steps into the place of the original lender or assignor.

48. To effectuate an assignment, the general rule is that the assignment must be in proper written format and recorded to provide notice of the assignment. An assignment of mortgage to the new entity is recorded in the county records. (An assignment of mortgage is necessary to assign the original bank's rights under the mortgage, including the right to foreclose if you don't make payments, to the new owner of the loan.)

49. A loan cannot transfer into a trust after the closing date: Here the trust closed in 2006 and the assignment was recorded in 2013 seven years after the Defendant's trust closed. The assignment is fraudulent, ineffective and void.

**WHEREFORE** Plaintiffs pray for judgment against Defendants as follows:

a. That the foreclosure sale be set aside; and

b. For such other and further relief as the court may deem proper.

Dated: April 26, 2018

Respectfully submitted,

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this date the undersigned was served the foregoing COMPLAINT by by serving Defendant as follows:

1. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5;
   **REGISTERED AGENT**: CT Corporation, 289 Culver Street, Lawrenceville, Ga. 30046

2. SELECT PORTFOLIO SERVICING, INC.

   **REGISTERED AGENT**: Corporation Service Company 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

Dated: April 26, 2018

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094