IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, and SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendants. | Civil Action No.<br>1:18-cv-01796-TCB-JSA |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS**

COMES NOW, U.S. Bank National Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5 ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS" and collectively, the "Defendants"), Defendants in the above-styled action, and hereby files this Brief in Support of their Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## INTRODUCTION

Through this action, Plaintiff Sandra B. Williams is attempting to utilize thoroughly debunked legal theories in a misguided effort to save her home from foreclosure, despite there being no dispute by her that she defaulted on her mortgage. The Plaintiff has completely failed to state any claim upon which relief can be granted, and the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

The property at issue in this litigation is located at 2736 Lakeside Drive, Southwest, Conyers, Georgia 30094 ("the Property"). [Doc. 3] at ¶ 2.  To finance her purchase of the Property, the Plaintiff obtained a loan in the principal amount of $238,500.00, secured by conveying the Property via security deed to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Encore Credit Corporation (the "Security Deed"). *Id.* at ¶ 3. The Security Deed was recorded on April 12, 2006, in Deed Book 3833, Page 333, Rockdale County, Georgia records. *Id.*

The Plaintiff alleges that Encore Credit Corporation was acquired by Bear Stearns in October 2007, and that "there is no evidence of a transfer of mortgage." *Id.* at ¶ 4. As a result, the Plaintiff contends that there has been a violation of 12 C.F.R. § 1026.39(b)(1). *Id.*

In March 2013, the Security Deed was assigned from MERS to U.S. Bank (the "Assignment"). *Id.* at ¶ 7. The Assignment was recorded on March 12, 2013, in Deed Book 5331, Page 177, Rockdale County, Georgia records. *Id.* The Plaintiff takes issue with the Assignment, claiming that its fraudulent and executed by "'robo-signors' who did not have the requisite authority to legally effectuate a transfer of mortgage . . . ." *Id.* at ¶ 9. The remaining complaints about the Assignment focus on allegations that it violated the terms of the Pooling and Servicing Agreement, and as such, there has been a violation of the Securities and Exchange Act of 1934 and the Internal Revenue Code. *Id.* at ¶¶ 10-20. The reason, the Plaintiff says, is because "the closing date of the trust was July 5, 2006. Defendant cannot transfer a 2006 loan into a trust in 2013." *Id.* at ¶ 20.

Finally, the Plaintiff concludes with the following allegation, which is unrelated to her issues with the Assignment: "In or around January 2017 Plaintiff modified her mortgage with Defendant and was offered an increase of payment from $1300 to $1900. When Plaintiff objected to the increase Defendants started foreclosure proceedings in violation 12 C.F.R. § 1024." *Id.* at ¶ 23.

Based on these allegations, the Plaintiff sets forth four causes of action: 1) violation of 12 C.F.R. § 1024; 2) wrongful foreclosure; and 3) violations of the Securities Laws of 1934 and Internal Revenue Code; and 4) fraudulent assignment.

Additionally, while not set out as a separate claim, the Plaintiff claims a violation of 12 C.F.R. § 1026.39(b)(1). However, the Plaintiff's Complaint clearly fails to state a claim upon which relief can be granted, and this action should be dismissed.

## **ARGUMENT AND CITATION OF AUTHORITY**

### A.    Standard of Review

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B.     Plaintiff Has Failed to State a Claim under TILA

Plaintiff appears to assert a claim for violations of the Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1601 *et seq.* In her Complaint, Plaintiff alleges that "Plaintiff violated 12 CFR 1026.39(b)(1) as Defendant never received evidence of said transfer." [Doc. 3] at ¶ 4. As an initial matter, Defendants read the Complaint liberally in assuming that Plaintiff *intends* to allege that *Defendants* failed to notify *Plaintiff* of the transfer of the mortgage. Secondly, Defendants also assume that Plaintiff is attempting to allege that Defendants violated TILA by her citation to 12 C.F.R. § 1026.39, which is issued to implement relevant parts of TILA. 12 C.F.R. § 1026.1(a).

Nevertheless, even reading Plaintiff's Complaint liberally to construe that she seeks to bring a claim under TILA and has inadvertently swapped the titles Plaintiff and Defendant, Plaintiff's claims still fail to state a claim upon which relief may be granted. Plaintiff alleges that Encore Credit Corporation was acquired by Bear Stearns and that no notice was given. [Doc. 3] at ¶ 4. An action under TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). Additionally, a TILA nondisclosure violation "'occurs' when the transaction is consummated" and "is not a continuing violation for purposes of the statute of limitations." *In re Smith*, 737 F.2d 1549, 1552 (11th

Cir. 1984); *Frazile v. EMC Mortgage Corp.*, 382 Fed. Appx. 833, 838 (11th Cir. 2010). However, according to Plaintiff's own Complaint, the contested transfer occurred in 2007, over eleven (11) years ago. Complaint, ¶ 4. Defendants therefore submit that Plaintiff's allegations are barred by the statute of limitations.

Even if the Court determined that Plaintiff's claims should be considered within the statutory period, Plaintiff has not named either Bear Stearns or Encore Credit Corporation. Instead, Plaintiff has named Defendant U.S. Bank, the most recent assignee. Complaint, ¶ 7. TILA has specifically addressed the liability of assignees under the Act; and as the assignee, Defendant U.S. Bank is not liable for the alleged TILA notice violations. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998). Defendants respectfully submit that Plaintiff's allegations for violations of TILA should be dismissed under Rule 12(b)(6) for failure to state a claim.

### C. Plaintiff Has Failed to State a Claim Under RESPA

In Count I of her Complaint, Plaintiff alleges that U.S. Bank violated 12 C.F.R. §§ 1024(b)(1) and 1024(2)(i)(A)(B)(ii). As an initial matter, these are not valid citations to federal regulations, since there is no § 1024. Instead, the Plaintiff has quoted language from 12 C.F.R. § 1024.41, which regulates loss mitigation procedures that a loan servicer must follow. This regulation is part of Regulation X

under the Real Estate Settlement Procedures Act ("RESPA"), and is enforced through 12 U.S.C. § 2605(f). *See* 12 C.F.R. § 1024.41(a). Under 12 U.S.C. § 2605(f), a plaintiff can only recover actual damages for a RESPA violation, unless they show a pattern or practice of noncompliance, in which case additional statutory damages can be awarded.

Before analyzing the alleged violations of individual subsections of the regulation, this Court can dismiss the claim for two overarching reasons. First, "the language of Regulation X reflects that it is intended to apply only to servicers of loans." *Bernstein v. Wells Fargo Bank, N.A.*, No. 1:15-cv-2520-RWS-CMS, 2016 WL 4546653, at *4 n.3 (N.D. Ga. May 13, 2016), *report and recommendation adopted*, No. 1:15-CV-2520-RWS, 2016 WL 4546657 (N.D. Ga. June 28, 2016). Here, there are no allegations in the Complaint that U.S. Bank is a loan servicer. Rather, it is the holder of the Security Deed. Since it is not a servicer, the claim against it fails as a matter of law. Second, the Plaintiff failed to allege that she suffered any actual damages. This failure is fatal to the claim, and it must be dismissed. *See Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 1:14-CV-151-SCJ-LTW, 2016 WL 5339695, at *8 (N.D. Ga. July 1, 2016), *report and recommendation adopted*, No. 1-14-CV-151-SCJ, 2016 WL 5376295 (N.D. Ga. Aug. 10, 2016) (collecting cases).

Even absent these failures, the claim still fails as a matter of law. The Plaintiff asserts that U.S. Bank violated 12 C.F.R. § 1024.41(b)(1) in that it did not exercise reasonable diligence in obtaining documents to complete a loss mitigation application. [Doc. 3] at pp. 7-8, ¶ 2[1]. Plaintiff also alleges that U.S. Bank did not promptly complete the loss mitigation package and did not promptly acknowledge receipt "in that upon completion of the loss mitigation process [it] failed to reconcile Plaintiff's objections or offer alternatives." *Id.* p. 8, ¶ 4. In both paragraphs Plaintiff indicates that the application was completed and that she was unhappy with option offered to her. Specifically, Plaintiff alleges that she objected to an increase in her original loan payment and Defendants failed to offer alternative options. *Id.* at pp. 7-8, ¶ 2; p. 8, ¶ 4. Plaintiff's own Complaint makes it clear that her application was completed, submitted, and an option offered to her. This bars her competing allegation that reasonable diligence was not exercised in obtaining documents or that Defendant did not acknowledge receipt of the package.

12 C.F.R. § 1024.41(b)(2) requires only that a loan servicer review the completed application and notify the borrower if the application is complete or incomplete and if incomplete, include a reasonable date by which borrower may

---

[1] Plaintiff restarts the enumerated paragraphs of her Complaint at Count I.

submit additional documentation to complete the application. Plaintiff seems to argue that because Defendants did not offer alternatives to the option rejected by Plaintiff, U.S. Bank violated 12 C.F.R. § 1024.41. In contrast to Plaintiff's allegations, 12 C.F.R. § 1024.41(b)(2) pertains only to the timely completion of the application. Plaintiff's own allegation that "Defendant failed to work with Plaintiff to make her new payment one that would last through the trial period" makes it clear that her application was reviewed and that she received an option that she could either reject or accept in compliance with 12 C.F.R. § 1024.41.

Plaintiff's *actual* complaint seems to lie in her allegation that "Defendant failed to provide a suitable repayment plan." [Doc. 3] at ¶ 7. However, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Additionally, the C.F.R. specifically states that a servicer is to obtain documents "to determine which loss mitigation options, **if any**, it will offer to the borrower. 12 C.F.R. § 1024.41(c)(4)(i) (emphasis added). Nothing in either 12 U.S.C. § 2601 *et seq.* or 12 C.F.R. § 1024.41 requires U.S. Bank to continue offering loss mitigation options until Plaintiff approves of one. Therefore, Plaintiff has failed to state a claim for violation of 12 U.S.C. § 2601 *et seq.* or the rules implemented in 12

C.F.R. § 1024.41. Defendants respectfully submit that Plaintiff's Count I should be dismissed under Rule 12(b)(6) for failure to state a claim.

**D.     Plaintiff Cannot Assert a Claim for Wrongful Foreclosure**

In Count II, the Plaintiff sets forth a claim of wrongful foreclosure because U.S. Bank allegedly "has no valid power of sale and any attempt of foreclosure on the property is wrongful under the applicable laws of the state of Georgia." [Doc. 3], p. 9, ¶ 27. The basis for this claim is the allegation that the Assignment is invalid. *Id.* at p. 10, ¶ 32.

Here, it is not even necessary to evaluate the elements of a claim of wrongful foreclosure (or wrongful attempted foreclosure)[2] because the Plaintiff lacks standing to dispute the validity of the Assignment, which is the sole allegation underpinning her claim. "It is well settled under Georgia law that a borrower has no standing to contest the validity of an assignment of a security deed to which he or she is not a party." *Williams v. Deutsche Bank Nat'l Tr. Co.*, No. 1:16-CV-3286-WSD-CMS, 2017 WL 8217639, at *5 (N.D. Ga. Apr. 20, 2017), *report and recommendation adopted*, No. 1:16-CV-3286-WSD, 2017 WL 2982548 (N.D. Ga. July 12, 2017) (citing *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620

---

[2] The Plaintiff has not alleged that a foreclosure sale took place, and "a plaintiff cannot state a claim for wrongful foreclosure when no foreclosure sale has taken place." *Sparra v. Deutsche Bank Nat. Tr. Co.*, 785 S.E.2d 78, 82 (Ga. Ct. App. 2016).

(Ga. 2016)) (citations omitted). This includes claims that an assignment violated the terms of a pooling and servicing agreement that the plaintiff is not a party to. *Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013). Clearly, the Plaintiff here lacks standing to challenge the Assignment. As the holder of the Security Deed, U.S. Bank has standing to foreclose, *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013), and Count II must be dismissed.

### E. The Plaintiff Has Failed to State a Claim under the Internal Revenue Code or Securities and Exchange Act of 1934

Count III is titled "Fraud: Defendant Violated the Securities Laws of 1934 and I.R.C. §§ 860A-G." The basis of the allegations is, again, that the subject loan was transferred into the trust after the cutoff date. *Id.* at ¶¶ 30, 33. As this Court has previously found, "to the extent Plaintiff's . . . '34 Act claims are based on perceived defects in the transfer of Plaintiff's loan to a trust and alleged noncompliance with the trust's PSA, Plaintiff is not a party to the PSA and he thus lacks standing to enforce its terms under Georgia law." *Williams*, 2017 WL 2982548, at *4 n.4.

Additionally, the Securities and Exchange Act of 1934 only regulates the trading of "securities." *Nordeen v. Bank of Am., N.A. (In re Nordeen)*, 495 B.R. 468, 479 (B.A.P. 9th Cir. 2013). When a mortgage is securitized and placed into a

trust (as has been alleged here), it becomes a security as to those who hold an investment interest in the trust, not as to the borrower. *Id.* "[H]ome loan borrowers are not purchasing an investment when they enter into a loan agreement to purchase or refinance a home." *Id.* "[T]he borrower's loan contract . . . is distinct and separate from any securities transaction in the 'secondary market' encompassing assignment of the contract." *Id.* "Since the securitization 'merely creates a separate contract, distinct from plaintiff's debt obligations' under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of securitization fail." *Id.* at 480 (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, 2010 Wl 4788209, at *4 (D. Utah Nov. 16, 2010)) (citation omitted). Thus, under no set of facts here can the Plaintiff state a claim under the Securities and Exchange Act of 1934.

The claim also fails with respect to of Sections 860A-G of the Internal Revenue Code. *See* [Doc. 1-1] at ¶ 38. "There is no private right of action available to challenge any perceived violation of 26 U.S.C. §§ 860A-G." *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574 (E.D. Mich. 2014) (quoting *Mohlman v. Long Beach Mortg.*, 2013 WL 490112, at *5 (E.D. Mich Feb, 8, 2013)); *see also Williams-Grady v. Muller Real Estate Holdings, LLC*, No. 3:15-cv-00055-TCB-RGV, 2015 WL 11457695, at *2 n.9 (N.D. Ga. Aug. 7, 2015); *Obal v. Deutsche*

*Bank Nat'l Trust Co.*, No. 14 Civ. 2463, 2015 WL 631404, at *4 (S.D.N.Y. Feb. 13, 2015) (collecting cases). Accordingly, Count III fails and must be dismissed.

**F.     Plaintiff Lacks Standing to Contest the Assignment**

The final claim in the Complaint again alleges that the Assignment is "fraudulent, ineffective, and void." [Doc. 3] at p. 15, ¶ 49. As noted numerous times throughout this brief, the Plaintiff lacks standing to challenge the Assignment, and Count IV must be dismissed.

## CONCLUSION

For the reasons detailed above, Defendants respectfully request that this Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted, this 16th day of July, 2018.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> KEARSTIN H. SALE (GA Bar No. 650510)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (telephone)
> (404) 921-9016 (facsimile)
> bchaness@rubinlublin.com
> ksale@rubinlublin.com
>
> *Attorneys for Defendants*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 16th day of July, 2018.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 16th day of July, 2018, caused a true and correct copy of the within and foregoing to be served via U.S. First Class mail to the following:

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers, GA 30094

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)