FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 13 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>U.S. BANK NATIONAL ASSOCIATION, AS )<br>TRUSTEE, ON BEHALF THE HOLDERS OF )<br>THE HOME EQUITY ASSET TRUST 2006-5 )<br>HOME EQUITY PASS THROUGH )<br>CERTIFICATES, SERIES 2006-5 )<br>)<br>DEFENDANT ) | CIVIL ACTION<br>1:18-CV-1796-TCB-JSA |

# PLAINTIFF'S OBJECTIONS TO THE UNITED STATES MAGISTRATE'S REPORT AND RECOMMENDATION

**COMES NOW,** Sandra B. Williams, Plaintiff, appearing pro se in the above captioned action and files Plaintiff's Objections to the United States Magistrate's Report and Recommendation. In support of her objections Plaintiff states the following:

## INTRODUCTION

Both in common law and in civil law, a rebuttable presumption is an assumption made by a court, one that is taken to be true unless someone comes forward to contest it and prove otherwise. There is a legal presumption that the Holder of a deed of trust is a Holder in due course: The term 'holder in due course'

1

as defined in s. 9 of the Negotiable Instruments Act means a person who gives consideration. Therefore, when a plaintiff institutes a promissory note as a holder in due course, the presumption under s. 118(g) is that that he has given valuable consideration and the burden of proving the contrary is on the defendant.

In the instant case, the court presumes that Plaintiff's loan or deed of trust is part of the Defendant trust. Plaintiff submits that that presumption is rebuttable because the alleged transfer of her loan into the Defendant trust violates the laws set up to protect the trust, its investors and the depositor; the Securities Laws of 1934 and the Internal Revenue Code. Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934 regulates the trust and determines a cut-off date for deposits of loans into the loan pool. The Pooling and Servicing Agreement, or the Trust Agreement, regulates the trading of these mortgages which in turn is regulated by the Securities and Exchange Act of 1934 (17 CFR 240.12h-3) Sections 13, 15 and 15(d) of the Securities Exchange Act of 1934, is required by Rules 12g-4, 12h-3. No loan can be transferred into a trust before the deposit date or after the cut-off date. The rules of the trust control and as such the court must look to the trust in order to make that determination.

Plaintiff submits the court erred in finding she has no standing to sue under the Securities and Exchange Act as Plaintiff is not suing under the act. Plaintiff is

alleging that pursuant to the rules of said act, it is legally impossible for her loan to be a part of the Defendant's trust.

## REBUTTABLE PRESUMPTION THAT DEFENDANT IS THE HOLDER IN DUE COURSE

The court reasoned that pursuant to *Jeffrey v U.S. Bank National Association for Structured Asset Inv. Loan Trust Mortgage Pass Through Certificates Series 2004-2 & McCalla Raymer Liebert Pierce, LLC.* No,: 1:17-CV-3541-TCB-LTW, 2018 WL 3702456 at *5(ND Ga. May 29, 2018) holding that only a purchaser or seller of securities has standing to bring an action for fraud and Plaintiff, who in that case, based her claim on the belief that the securitization of the loan was fraudulent because it occurred without her consent did not have standing to bring the action. The court erred in this finding as the Supreme Court New York County ruled that investors do not have standing to sue pursuant to the terms of section 10.08 of the trust. In *Home Equity Asset Trust 2006-5 (Heat 2006-5), by U.S. BANK NATIONAL ASSOCIATION*, 2014 NY Slip Op 50001(U) [42 Misc 3d 1206(A)] solely in its capacity as Trustee, Plaintiff, against DLJ Mortgage Capital, Inc., Defendant wherein FHFA commenced the action in its capacity as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), which was a certificateholder in each of the Trusts. The court held that "[u]nder Section 10.08 of the Trusts' PSAs, *__a certificateholder is expressly barred from initiating an action,__* such as the instant actions, unless, inter alia, the certificateholder

3

"previously shall have given to the Trustee a written notice of an Event of Default and of the continuance thereof..." (Emphasis mine) Although this New York Supreme Court ruling is not binding, the terms of the Defendant trust are. The Pooling and Servicing agreement clearly states the legal rules or operation of the Defendant trust. Plaintiff submits this is not the first time a Plaintiff has alleged that their loan is not part of the Defendant trust as this was the sum and substance of the New York Supreme Court case.

The basis of Plaintiff's claim is simply this; it is legally impossible for her loan to be a part of the Defendant trust as a loan cannot be transferred into a trust after the closing date. Conversely, Plaintiff is clearly stating a claim for relief. Either her loan is part of the trust or it is not. Plaintiff states her loan is clearly not part of the trust and asks this honorable court to reconsider her claims and look to the Pooling and Servicing Agreement which is the document that controls the do's and don'ts of the trust. Particularly Form 15h which clearly states that the trust closed at the time Plaintiff's loan was allegedly assigned into it; a period of SEVEN YEARS after the trust was legally closed. Therefore the presumption that Plaintiff's loan is part of the Defendant's trust is legally rebuttable considering the facts.

Although this honorable court has to siphon through thousands of complaints alleging fraudulent securitization and the like and Plaintiff submits the

4

securitization of these plaintiffs' loans cited by the court might have been fraudulent as was the securitization of Plaintiff's loan that is ***not*** what Plaintiff is alleging. Once again, Plaintiff is simply and clearly stating, her loan is not part of the Defendant trust.

## PLAINTIFF'S STANDING

In Georgia a deed of trust turns the promissory note into a debt secured by a lien (legal claim) on Plaintiff's home. The investor is often, the originator—the original owner of the loan—will sell the loan to a new owner, which is called an "investor." A Deed of Trust is essentially an agreement between a lender and a borrower to give the property to a neutral third party who will serve as a trustee. The trustee holds the property until the borrower pays off the debt. During the period of repayment, the borrower keeps the actual or equitable title to the property and maintains full responsibility for the premises, unless expressly stated otherwise in the Deed of Trust. The trustee, however, holds the legal title to the property. The main difference between an equitable title vs. a legal title is that the latter is the only one that gives actual ownership of the property. There are many smaller, more intricate differences that can vary on a case-by-case basis. In general, equitable title gives a person the right to use the land and enjoy the benefits that come along with its ownership. Legal title does not necessarily grant these rights. Equitable title does not allow the titleholder to sell or transfer ownership. Legal title is the only

5

title that can do this. Legal title has the advantage over equitable in that it allows the legal titleholder to demand compensation from parties that purchase or lease the property or the right to foreclose.

On March 24, 2006, Plaintiff, Sandra B. Williams purchased a home located at 2736 Lakeside Drive Southwest, Conyers GA 30094. The Mortgage Electronic Registration Systems, Inc. was grantee and acting as nominee for Encore Credit Corporation (original lender), a now defunct California Corporation formerly located at 1833 Alton Parkway, Irvine California 92606; Security Deed recorded April 12, 2006 in Rockdale County Superior Court in Deed Book 3833 at Pages 333-352. Encore Credit Corporation was acquired by Bear Stearns in 2007.

Plaintiff brings the court's attention to the assignment. Plaintiff is not challenging the right to assign a mortgage but there is an irrebuttable presumption pursuant to the rules that govern assignments of loans into the Defendant trust and all trusts registered with the Securities and Exchange Law of 1934 that a 2006 loan cannot be transferred into a 2013 trust. Therefore it begs the question, is the "Corporate Assignment of Mortgage" recorded March 12, 2013 in Rockdale County Superior Court in Deed Book 5331 at Pages 177-178) from Mortgage Electronic Registration System as nominee for Encore Credit Corporation, a California Corporation its successors and assigns c/o SELECT

6

PORTFOLIO SERVICING, INC., Assignor to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, as Assignee legally valid to effectuate said transfer? Plaintiff submits the answer is no.

There is a presumption that pursuant to the deed of trust the defendant holds legal title. Both in common law and in civil law, a rebuttable presumption is an assumption made by a court, one that is taken to be true unless someone comes forward to contest it and prove otherwise. Again, legal standing is not the issue. The question at bar is whether the Plaintiff's loan is part of the Defendant trust.

## IRREBUTABLE RULES OF SECURITIZATION

"A Transfer and Assignment of Deed to Secure Debt" into a trust is regulated by the Securities Laws of the United States. Pursuant to the SEC and IRS laws, a lender, or originator may create a SPE, special purpose entity, which is a sub-corporation that acquires and holds the loans and securitizes them by issuing certificates which represent the conversion of the mortgages into asset backed receivables which are given to the depositor to be placed into a mortgage pool; hence the mortgage is "assigned" into a trust; the securitization process. The

7

Depositor is the only entity authorized by the prospectus, to transfer mortgage assets into a securitized trust.

Mortgages are bundled or "pooled" into groups of about 5,000 adjustable rate mortgages, fixed rate or a combination of both. These pools of mortgages become part of an agreement naming a Trustee, a depositor, and a servicer, which is another bank or servicing firm who collects, principal, interest and escrow from the borrower; hence the pooling and servicing agreement or PSA. The PSA is made available to investors all over the world who then review the terms of the Pooling and Servicing Agreement and are offered the opportunity to buy shares.

Each mortgage bundle was given a name which was usually the name of the lender who originated the loan.

Plaintiff submits she is not suing under the Securities and Exchange Act. Conversely she is clearly stating that pursuant to said Securities and Exchange Act of 1934 it is legally impossible for her loan to be a part of the Defendant trust.

Whether or not an investor can sue for fraud is not the issue here as the rules of the Defendant trust clearly states an investor has no standing. Under the argument proffered by the court, Plaintiff submits the court erred in finding she does not have standing as standing is not an issue. Plaintiff's cause of action simply states that it is legally impossible for her loan to be a part of the defendant

8

trust as the transfer of any loan into any securitized trust must be made pursuant to securities laws.

Plaintiff submits that trusts are governed by I.R.C. Code §§ 860 A-G and The Securities and Exchange Act of 1934. "A Transfer and Assignment of Deed to Secure Debt" into a trust is regulated by the Securities Laws of the United States and must look to the Pooling and Serving Agreement of the Defendant trust Form 15h which clearly states the trust was closed in 2013. Therefore, Plaintiff submits, her loan is not part of the Defendant trust.

In light of the foregoing Plaintiff asks this honorable court to reconsider its opinion, allow Plaintiff to proceed with discovery which would include demanding Defendant submit a Certified Copy of the trust so that the court may examine the Pooling and Servicing Agreement. Said examination would put to rest Plaintiff's claim and settle any issues as the trust is the controlling document which governs standing to sue. As the Supreme Court of New York noted section 10.08 of the Defendant trust states investors do not have standing to sue and as such Plaintiff asks this honorable court to reconsider.

The trust also states when loans may be transferred into said trust as Form 15h clearly states the trust was closed at the time of the alleged transfer in 2013. Additionally the Internal Revenue Code (I.R.C.) §§860A-G (Real Estate Mortgage

9

Investment Conduit ("REMIC") states that REMICs are required to be passive vehicles, meaning that mortgages *cannot* be transferred in and out of the trust once the closing date has occurred, unless the trust can meet very limited exceptions under the Internal Revenue Code I.R.C. § 860G and Defendant has not met any of the enumerated exemptions.

Additionally, Plaintiff's claims as to Defendant's violations of 2 C.F.R. § 1024, which is known as the Dual Tracking statute needs to be addressed as well.

## CONCLUSION

For all reasons set forth above, Plaintiff respectfully requests that this Court reconsider its August 30, 2018, deny Defendant's motion to dismiss and allow discovery to proceed as the contents of the Defendant Trust's Pooling and Servicing Agreement will substantiate Plaintiff's claim that her loan is not part of the Defendant trust.

Respectfully submitted this 13th day of August, 2018

*/s/ Sandra B. Williams*

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify on August 13, 2018 I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court. I filed the foregoing **PLAINTIFF'S OBJECTIONS TO THE UNITED STATES MAGISTRATE'S REPORT AND RECOMMENDATION** with the Clerk of the Court and served a true and correct copy of same on the following Defendants via mail with adequate postage:

>Rubin Lublin, LLC
>Bret J. Chaness, Esq.
>Kearstin H. Sale, Esq.
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia 30071

Dated: August 13, 2018

*Sandra B. Williams*

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094