IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, and SELECT PORTFOLIO SERVICING, INC.,<br>    Defendants. | Civil Action No.<br>1:18-cv-01796-TCB-JSA |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION**

COMES NOW, U.S. Bank National Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5 ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS" and collectively, the "Defendants"), named Defendants in the above-styled civil action, and file this response to Plaintiff's Objections to the Report and Recommendation (the "Objections"). [Doc. 16]. For the reasons set forth in the Magistrate Judge's Report and Recommendation and below, Defendants

1

respectfully submit that the Court should adopt the Report and Recommendation and dismiss the Plaintiff's Complaint with prejudice.

**ARGUMENT AND CITATION OF AUTHORITY**

### I. Standard of Review

In reviewing a Magistrate Judge's Report & Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz,* 565 F. 2d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F. 2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

### II. No Error in Determination that Plaintiff's Loan is part of the Trust.

In her objections, Plaintiff argues that the presumption that her loan is part of the trust is rebuttable and therefore should be reconsidered. [Doc. 16, pp. 2, 4]. Plaintiff then reasserts her previous arguments that a 2006 loan cannot be transferred into a 2013 Trust. [Doc. 16, p. 6]. This issue has been dealt with several times. Plaintiff's argument stems from her confusion regarding deposit and cut-off

dates and her erroneous conclusion that they relate to the date her loan was signed. Notably, although she asserts that her loan was transferred after the closing date, she establishes no actually deposit or cut-off dates for the Trust to establish this assertion. Doc. 16, p. 4. Regardless of the lack of facts to support her claim, Plaintiff's argument falls flat for the simple reason that she does not have standing to challenge the assignment into the Trust.

Also, the securitization "does not change the relationship of the parties in any way, [and] plaintiffs' claims arising out of securitization fail." *Nordeen v. Bank of Am., N.A. (In re Nordeen)*, 495 B.R. 468, 480 (B.A.P. 9th Cir. 2013) (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, 2010 Wl 4788209, at *4 (D. Utah Nov. 16, 2010)) (citation omitted). As the Report and Recommendation noted, the argument that the transfer violated the Securities Exchange Act of 1934 is just another way by which Plaintiff is attempting to challenge the assignment into U.S. Bank. [Doc. 16, p. 12]. Plaintiff lacks standing to assert this argument. *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. 2013). Defendants submit that Plaintiff has failed to state a claim and the Report and Recommendation should be affirmed.

### III. The Magistrate Did Not Err in Determining Plaintiff Lacks Standing.

Plaintiff also asserts that the Magistrate Judge erred in finding she lacks standing to sue under the Securities Exchange Act because she is only citing to the Act to show that her loan can't be in the trust. [Doc. 16, pp. 2-3]. According to Plaintiff, standing is not an issue and the Court's reliance on *Jeffery v. U.S. Bank* is flawed. [Doc. 16, pp. 3-4, 8]. However, Plaintiff misunderstands the point of standing. As a threshold issue, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016). It is not enough that Plaintiff cite to a string of statutes she believes were violated, she must show this gives rise to her cause of action.

The judicial consensus is that a borrower lacks standing to challenge the validity of mortgage securitization or request judicial determination that an assignment is invalid for noncompliance. *In re Walker*, 466 B.R. 271, 285 (Bankr.E.D.Pa.2012) (collecting cases); *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 891 (11th Cir. 2013). Similarly, it is well settled that a plaintiff lacks standing to contest the validity of the assignment of a security deed, *even* if that assignment was somehow flawed, if she was not a party to the

assignment. *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). Although Plaintiff continues to assert that it's impossible that her loan is within the Defendant trust, without a citation to any legal claim she has due to the alleged violation, she has failed to establish a claim. Defendants submit that Plaintiff has failed to state a claim and the Report and Recommendation should be affirmed.

### IV. Plaintiff Has Failed to Establish a Specific 12 C.F.R. 1024 Objection.

Plaintiff's last assertion is that her claim that Defendants violated 12 C.F.R. § 1024 "needs to be addressed as well." Doc. 16, p. 10. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F. 2d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Plaintiff's objection fails to specifically identify the findings she is objecting to. Defendants submit that this objection need not be considered.

### **CONCLUSION**

For these reasons, Defendants respectfully submit that the Magistrate Judge's Report and Recommendation should be adopted and entered.

Respectfully submitted, this 27th day of September 2018.

>*/s/ Bret J. Chaness*
>Bret J. Chaness (GA Bar # 720572)
>Kearstin Harumi Sale (GA Bar # 650510)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>ksale@rubinlublin.com
>
>*Attorneys for Rubin Lublin, LLC*

## **FONT CERTIFICATION**

The undersigned counsel for Defendant hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 27th day of September 2018.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar # 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 27th day of September 2018, served all parties in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers, GA 30094

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)