IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA B. WILLIAMS,

    Plaintiff,

v.

U.S. BANK NATIONAL
ASSOCIATION, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 1:18-cv-1796-TCB-JSA

### ORDER

This case comes before the Court on Magistrate Judge Justin S. Anand's report and recommendation ("R&R") [14] that the Court grant Defendants' motion [9] to dismiss. Plaintiff Sandra Williams has objected to the R&R.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the Court "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Williams objects to the magistrate judge's rejection of her claims that her home mortgage was invalidly transferred into an equity asset trust. Her claims are, at their heart, an attempt to challenge a foreclosure. Her mortgage was securitized as part of a trust and was foreclosed on by Defendant U.S Bank, the trustee. She now seeks to challenge the validity of the foreclosure by showing that her mortgage was never validly transferred into the trust.

The Court overrules Williams's objections. As the magistrate judge noted, she has not demonstrated that she has standing to bring what is essentially a challenge to the validity of the assignment of her

3

mortgage and its inclusion in the trust because she was not a party to the assignment. *See, e.g., Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013). Her allegations under the Securities and Exchange Act, the Internal Revenue Code, and federal regulations fail for similar reasons. She either lacks standing under these statutes or is not entitled to enforce them in a private right of action. *See Williams-Grady v. Muller Real Estate Holdings, LLC*, No. 3:15-cv-00055-TCB-RGV, 2015 WL 11457695, at *2 n.9 (N.D. Ga. Aug. 7, 2015); *Jeffrey v. U.S. Bank Nat'l*, No. 1:17-cv-3751-TCB-LTW, 2018 WL 3702456, at *5 (N.D. Ga. May 29, 2018), *adopted by* No. 1:17-cv-3751-TCB, 2018 WL 3702429 (N.D. Ga. June 20, 2018). Accordingly, the Court holds that the magistrate judge was correct.

The Court has conducted a complete and careful, de novo review of those portions of the R&R to which Williams objected and determined that no error was made. The Court has conducted a complete and careful review of the remainder of the R&R and found no clear error. Therefore, the Court adopts as its Order the R&R [14]. Defendants'

motion [9] to dismiss is granted and the Clerk is directed to close the case.

IT IS SO ORDERED this 22nd day of October, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge