FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 31 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>U.S. BANK NATIONAL ASSOCIATION, AS )<br>TRUSTEE, ON BEHALF THE HOLDERS OF )<br>THE HOME EQUITY ASSET TRUST 2006-5 )<br>HOME EQUITY PASS THROUGH )<br>CERTIFICATES, SERIES 2006-5 )<br>)<br>DEFENDANT ) | CIVIL ACTION<br>1:18-CV-1796-TCB-JSA |

## MOTION PURSUANT TO F.R.C.P. RULE 60(b)

**COMES NOW**, SANDRA B WILLIAMS appearing pro se in the above captioned action and moves this court pursuant to FRCP Rule 60(b) for relief from final judgment. This motion is timely filed within one year of the court's final decision. In support of this motion Plaintiff alleges as follows:

### INTRODUCTION

The party seeking relief from a judgment bears the burden of demonstrating she satisfies the prerequisites for such relief. Plaintiff understands that rule 60(b) does not give a party the opportunity to re-litigate its case after the court has rendered a decision and this motion to reconsider is not a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed. FRCP Rule 60 provides that the court may relieve a party from a final

judgment and sets forth the following six categories of reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b). Plaintiff submits if the court required the Trust to establish the unbroken chain of transfers, deliveries and acceptances of the mortgage note from the Originator to the Sponsor to the Depositor and finally to the Trust it could not do so. The Defendant Trust could not possibly own the loan because it is invalid according to the terms of the Trust itself. In a word the alleged Transfer is void because the period of operation for the REMIC Trust was limited to 90 days. It was only during that period that the loan could have been purchased by the Trust. The language of the Defendant trust clearly states that there can be no transfers into the trust after 2006. The Defendant's assignment and alleged transfer took place 7 years after the

operations of the REMIC Trust closed. It is a legal impossibility for Plaintiff's loan to be a part of the Defendant trust.

## ARGUMENT

The Court of Appeals held in *Campbell v Ailion et. al* A16A0239 (2016) that "Under current Georgia law, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. A motion to dismiss for failure to state a claim should **not be granted** unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under *any state of provable facts* asserted in support thereof. Plaintiff submits the court need only view a certified copy of the Defendant trust, Form 15D which states the trust *closed* in 2006 and therefore new loans could not be accepted for deposit in 2013. It is clearly apparent that Plaintiff's loan is not a part of that trust.

Plaintiff submits that trusts are governed by I.R.C. Code §§ 860 A-G and The Securities and Exchange Act of 1934. "A Transfer and Assignment of Deed to Secure Debt" into a trust is regulated by the Securities Laws of the United States and must look to the Pooling and Serving Agreement of the Defendant trust Form 15h which clearly states the trust was closed in 2006 when Defendants allegedly assigned Plaintiff's loan into it in 2013. Defendant's assignment is legally ineffective. Therefore, Plaintiff submits, her loan is not part of the Defendant trust.

It is not the purpose of Rule 60(b) to allow the court to "revisit the issues already addressed" or consider "new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings. Motions brought under this rule require the court to balance the interest in finality of judgments, which "should not lightly be disturbed", and the desire to achieve justice. Plaintiff simply reiterates her position and asks this court to *read the closing date of the trust which will clearly reveal the breadth and depth of Defendant's fraud.*

## FRAUD ON THE COURT

Rule 60(d) states that proof of fraud upon the court must be by clear and convincing evidence. Relief under Rule 60(b)(3) may be granted only when the motion is substantiated by clear and convincing evidence that the defendants acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme. In the instant case a 2006 loan cannot be transferred into a 2013 trust. The intentional fraudulent act of preparing a Corporate Assignment of Mortgage" and then recording this fraudulent document on March 12, 2013 in Rockdale County Superior Court in Deed Book 5331 at Pages 177-178 is bold and calculated. Defendants are aware of the fact that anything from Mortgage Electronic Registration System as nominee

for will not be questioned and is enforced by the court. Not once has a transfer been challenged by the court. Not once has the bank been required to prove the document they used to create standing is valid and enforceable. It is for this reason that Banks have successfully pulled the wool over the eyes of thousands of Judges by piling up false assignments because the transfers are *never* challenged. In the instant case there is no question as to whether the Mortgage Electronic Registration System can act as nominee for Encore Credit Corporation, a California Corporation its successors and assigns c/o SELECT PORTFOLIO SERVICING, INC. and in turn assign as assignor to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5 Assignee. The problem here is much simpler; a trust that closed in 2006 **cannot accept a new loan in 2013. This case has nothing to do with challenging an assignment or whether MERS can assign a mortgage. This issue before the court is; "It is legally impossible for Plaintiff's loan to be a part of the Defendant Trust."** Therefore the transfer is void, voidable and/or fraudulent as is the vehicle used to transfer; the assignment document.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) "gives the court a 'grand

reservoir of equitable power to do justice in a particular case'." Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) gives the court a 'grand reservoir of equitable power to do justice in a particular case. Here Defendants should be sanctioned for blatantly lying to the court and for creating and presenting false evidence.

## CONCLUSION

For the reasons stated above, the court should Grant s motion Plaintiff's due to Defendants blatant fraud, address the underlying allegations and claims, allow discovery, tax all costs of this action against Defendant and grant Plaintiff all relief, in law or in equity, to which she may be justly entitled.

WHEREFORE Plaintiff moves the court for an Order

(a) Granting her motion; and

(b) Allow the parties to maintain status quo until the court's final ruling and Plaintiff has exhausted all her remedies at law.

Respectfully submitted this 31st day of July, 2019

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify on July 31st, 2019 I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court. I filed the foregoing **PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 60** with the Clerk of the Court and served a true and correct copy of same on the following Defendants via mail with adequate postage:

>Rubin Lublin, LLC
>Bret J. Chaness, Esq.
>Kearstin H. Sale, Esq.
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia  30071

Dated:       July 31st , 2019

_/s/ Sandra B. Williams_
Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094